# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

BARBARA G. TAYLOR,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,

    Defendant.

Case No. 3:15-CV-348 JVB

## OPINION AND ORDER

Plaintiff Barbara G. Taylor seeks judicial review of the Social Security Administration's decision denying her disability insurance benefits, and asks this Court to remand the case. While Plaintiff had counsel on the administrative level, she is proceeding pro se in her appeal. Because Plaintiff has failed to identify any specific error in the Administrative Law Judge's decision and because the decision itself is supported by substantial evidence in the record, the Court affirms the decision of the Acting Commissioner.

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court must ensure that the ALJ has built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the

> Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

Plaintiff's appeal consists of generic review of her medical, employment, and social history beginning in 1979 when she was seventeen years old. In her opening brief, she doesn't cite to the record; in her reply, she does have some citations to the record but they're imprecise and sometimes contradictory to the propositions for which they're cited.[1] In all, Plaintiff believes that, following a car accident in 1999, she began suffering serious medical problems but the ALJ overlooked them because he failed to review her case thoroughly.

Mindful of Plaintiff's pro se status, the Court gives her special deference in her appeal, holding her to lesser procedural requirements. But she is not excused from meeting her legal burden to show that the ALJ committed a harmful error. *Shinseki v. Sanders*, 129 S.Ct. 1696, 1706 (2009). And in this task she has failed.

Again, Plaintiff portrays herself as a person who's had medical issues for the past twenty years. She even submits some new medical records from 2015. But she doesn't explain why it was an error for the ALJ to find her not disabled through the end of her last insured date, December 31, 2004. So much of what Plaintiff complains of---carpal tunnel syndrome, rheumatoid arthritis, uterine fibroids, etc.---were not present before the insured period ended and

---

[1] For example, on page 3 of her Reply brief, she refers the Court to pages 229 and 235 in the Record, among others, for the proposition that she had suffered a heart attack. Yet in neither page is there any confirmation of her having suffered a heart attack. In fact, on page 235, the examiner's notes state the opposite: "Normal nuclear medicine myocardial . . . study."

they are too remote to be material to her claim.

Furthermore, Plaintiff does not question the ALJ's credibility findings. Nor does she argue that the ALJ didn't base his decision on the medical information before him. In fact, the ALJ contrasted the medical information in the record with her subjective complaints, finding the latter to be overstated. Moreover, Plaintiff's testimony didn't square with the testimony from her husband and her daughter, who portrayed a much wider range of her activities than she did.

As the ALJ noted, the record doesn't contain any treating physician opinions that suggest that she was permanently disabled or that she had limits greater than the ALJ found. Plaintiff was represented by counsel at the hearing, and she doesn't argue that her attorney didn't have access to all of her medical evidence. Yet, nothing in the record stands in contradiction of the ALJ's residual functional capacity finding, which in fact was more restrictive than the limits imposed by medical sources. In her appeal, the Plaintiff hasn't pointed out to any part of the record showing that she suffered a disability before the last insured date or, in other words, that the ALJ didn't base his decision on substantial evidence in the record. While the Court understands that Plaintiff has suffered her share of hardships in life, which are listed in her briefs, she's failed to show that her case should be remanded for re-evaluation.

Accordingly, the Court affirms the decision of the Social Security Administration.

SO ORDERED on September 27, 2016.

 S/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE